**LAKESHORE MACHINERY, INC., a domestic corporation, Plaintiff,**

**v.**

**THERMWOOD CORPORATION, a foreign corporation, Defendant.**

No. 85–C–528.

United States District Court,
E.D. Wisconsin.

Oct. 28, 1987.

**430**

J. Ric Gass, Kasdorf, Lewis & Swietlik, S.C., Milwaukee, Wis., for plaintiff.

Jane C. Schlicht, Godfrey & Kahn, S.C., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

CURRAN, District Judge.

By Order dated June 2, 1987, this court granted summary judgment to the defendant Thermwood Corporation on the plaintiff's first two causes of action stating claims under the Wisconsin Fair Dealership Law, Wis.Stats. § 135.01 et seq. Presently before the court are the defendant's motions for leave to amend its answer to state the affirmative defense of accord and satisfaction and for summary judgment on the third cause of action. In its third claim, Lakeshore Machinery, Inc. alleges that on September 21, 1983, it sold a Thermwood machining system to Brookfield Plastics for $69,772.50. It further alleges that

Thermwood had agreed to pay Lakeshore a twenty per cent commission on the sale price, which amounted to $13,954.50. "Thermwood Corporation unilaterally reduced the commissions that Lakeshore Machinery, Inc. had earned to an amount of $3,489.00 ... [and] remains indebted to Lakeshore Machinery, Inc. in the amount of $10,465.50 for commissions that are unpaid." (Complaint at paragraphs 14 and 18) In its answer, Thermwood did not assert the affirmative defense of accord and satisfaction but rather, at paragraph 16, denied the plaintiff's averments and alleged "that on October 19, 1984, Thermwood sent Lakeshore a check for $3,489.00 under cover of a letter of even date, copies of which are attached hereto collectively as Exhibit 2 and made a part hereof." The referenced and incorporated letter to Lakeshore Machinery from Thermwood provided as follows:

Dear Mr. Johnson:

I have carefully reviewed the facts and circumstances with regards to the commission due Lakeshore Machinery with regards to the Cartesian machining system sold Brookfield Plastics.

(1) The dealership agreement between yourself and Thermwood specifically states that a designation certificate is required in order for the dealer to receive commissions. We have no record of such a designation certificate being signed.

(2) Our salesman indicates that your Company was attempting to sell a competitor's machine (Powermatic) to the customer. This action is directly in opposition with the dealer agreement.

(3) When discounts are given to customers, both the dealer and Thermwood have to share in these discounts.

Based on these facts, I believe that no commission is due to Lakeshore Machinery; however, after discussing the situation with Mr. Gary Hall, Vice President of Marketing, we have agreed that we will honor the previous verbal committment by our salesman and, therefore, we are enclosing a check for $3,489.00 in total satisfaction of this transaction.

If you have any questions, please feel free to give me a call.

Very truly yours,

John M. Reeves

Vice President, Finance

█ Federal Rule of Civil Procedure 8(c) is explicit in denominating accord and satisfaction as an affirmative defense which must be set forth as such. It is the plaintiff's position that the defendant has waived its opportunity to assert accord and satisfaction by this failure. Because of the manner in which the accord and satisfaction issue was presented in the answer, however, I am persuaded that there is no danger of unfair surprise or prejudice if the defendant is permitted to amend its answer in order to assert the affirmative defense of accord and satisfaction. Counsel for the defendant has further submitted an affidavit indicating that last June she had a telephone conversation with the attorney for the plaintiff informing him that she intended to file a motion for summary judgment on the issue of accord and satisfaction. According to the affidavit, counsel for the plaintiff stated that he had already fully researched that issue and felt that the case law would favor his position. There have been no opposing papers filed on the motion. The interests of justice would thus not be offended by permitting the defendant leave to amend, and it will be granted. *See* Federal Rule of Civil Procedure 15(a) & (b).

The court, however, is not convinced that summary judgment is appropriate on the accord and satisfaction affirmative defense. In seeking summary judgment it is the burden of the moving party to satisfy the court that no genuine issue of material fact exists which would preclude granting judgment as a matter of law. *Cedillo v. International Association of Bridge, etc,* 603 F.2d 7, 9–10 (7th Cir.1979). All inferences drawn from the record before the court must be resolved in favor of the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159–61, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970). The court is not permitted to weigh evidence and must give the nonmoving party the most favorable view of the record if there is doubt as to the sufficiency of factual showings. *Exxon Corp. v. Federal Trade Commission,* 663 F.2d 120–26 (D.C.Cir.1980). The standards for ruling on a summary judgment motion are identical to those which govern a trial judge in the determination as to whether to direct a verdict. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The burden of establishing all of the elements of an affirmative defense rests squarely upon the defendant. *Capitol Indemnity Corporation v. St. Paul Fire & Marine Insurance Company,* 357 F.Supp. 399, 410 (1972). The burden is thus upon the party asserting accord and satisfaction to establish every necessary element of the defense. *See* 6 A. Corbin, *Corbin on Contracts § 1280* (1962) & Kaufman, Supp. (1984) and cases cited therein.

In support of its motion, Thermwood has proffered the "Authorized Dealer Agreement" which, at paragraph 5, provides that "in the event the efforts exerted by dealer ... results (sic) in the sale of Thermwood products ... to one or more of dealer's customers, Thermwood shall pay to dealer a commission. The amount of the commission shall be fifteen per cent (15%) of the amount of sales of Thermwood products...." Paragraph 6 of the agreement conditions payment of commission upon a dealer transaction designation certificate being signed by the dealer and by a Thermwood regional vice president or district manager. It further provides that the dealer transaction designation certificate be in full force and effect at the time of the sale. Thermwood has also supported its motion with the October 19, 1984 letter quoted above and a photocopy of a Thermwood check made out to Lakeshore Machinery in the amount of $3,489.00, which check was endorsed by Lakeshore Machinery, Inc. and negotiated on October 25, 1984.

Wisconsin recognizes that "accord and satisfaction promotes fairness by protecting the bona fide expectations of a debtor who tenders payment on condition that it will be accepted as payment in full ...

[and] also provides a method of settling disputes without litigation." *Flambeau Products v. Honeywell Systems,* 116 Wis.2d 95, 341 N.W.2d 655 (1984). In the typical situation, if a debtor forwards to a creditor whose claim is unliquidated and is in good faith disputed, a check, along with a letter or memorandum stating that the check is sent in full satisfaction of the debt, and the creditor holds or negotiates the check, the debt is considered satisfied. 15 S. Williston, *A Treatise on the Law of Contracts, § 1854* (3rd Ed. 1972).

It is Lakeshore's position that the commission due it from Thermwood on the sale of the machine was twenty per cent of the purchase price or $13,954.50. This it argues is a liquidated debt and thus not subject to accord and satisfaction by the proffer and acceptance of a full payment check. It relies on language in *Clark v. Aetna Finance Corp.,* 115 Wis.2d 581, 340 N.W.2d 747 (Ct.App.1983) for the proposition that only unliquidated claims can be subject to accord and satisfaction.

Wisconsin courts have not been especially prolific in accord and satisfaction opinions. Hopefully the reason for this is that accord and satisfaction has been effective as a dispute resolution device. Although the principal holding in *Flambeau Products Corporation v. Honeywell Information Systems, Inc.,* 116 Wis.2d 95, 341 N.W.2d 655 (1984) was that Wis.Stat. § 401.207 does not apply to full payment checks, the court's discussion of the common law rule of accord and satisfaction suggests that the Wisconsin Supreme Court would hold that a genuine dispute as to liability of a liquidated claim would not act to defeat an accord and satisfaction defense.

In discussing the role of consideration in an accord and satisfaction setting, the *Flambeau* court first noted that "the law in Wisconsin has long been that payment in full settlement of a claim which is disputed as to amount discharges the entire claim. Resolution of an actual controversy involving some subject of pecuniary value and interest to the parties is sufficient consideration of an accord and satisfaction." *Id.* at 113, 341 N.W.2d 655 (citations omitted).

The court did not distinguish between liquidated and unliquidated claims nor did it distinguish between claims which are disputed as to amount and claims which are disputed in entirety. The court went on to hold that when a claim is disputed and the debtor pays only that which he admits is due, acceptance of a full payment check acts as an accord and satisfaction and is supported by consideration.

■ The court is not satisfied that no genuine issue of material fact exists, therefore, I have determined that granting summary judgment to the defendant on its accord and satisfaction defense would be inappropriate. The record is insufficient for a finding that there was a good faith dispute as to Thermwood's contractual obligation to pay Lakeshore its commission on the sale of the machine. As I have said, Lakeshore bears the burden of proving every element of the accord and satisfaction defense. There is, in the court's opinion, an insufficient factual record for a factual finding of a good faith dispute. The court has no idea what the dealer transaction designation certificate is and whether one was in effect at the time Lakeshore received a prior commission. The court has also been unable to find in the dealership agreement any clause which would prohibit Lakeshore from selling or attempting to sell competitors' products to its customers. The objection to discounts would appear to operate as an offset, although, again, there is nothing competent in the record to establish the discount and its effect on the commission. There is reference to a 20% commission, yet the dealership agreement refers to 15%. The court also has no idea what the "verbal commitment" was which Thermwood agreed to honor. Although Lakeshore has offered nothing in the way of competent evidence to indicate that a genuine issue of material fact exists, I must find that there is doubt as to the sufficiency of Thermwood's factual showing and must thus give Lakeshore the most favorable view of the record.

In other words, upon these facts I would be unable to direct a verdict. In so holding, I in no way mean to indicate that a

genuine dispute as to a debt means that the party disputing the claim is correct in his contention. His burden will be satisfied as long as he is able to establish that the opinion was honestly held. *Flambeau*, 116 Wis.2d at 118, 341 N.W.2d 655. *See also* 1 CJS, Accord and Satisfaction § 46 (1985) and cases cited therein. Accordingly,

IT IS ORDERED that the defendant's motion for summary judgment be and hereby IS DENIED.

IT IS FURTHER ORDERED that the defendant's motion to amend its answer IS GRANTED.

IT IS FURTHER ORDERED that the Defendant's motion to amend the final pretrial report IS GRANTED.

The parties are notified that they have been moved to the number one trial position on November 2, 1987.